NOT FOR PUBLICATION [25]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| VICTORIA PERRY, | : | |
| Plaintiff, | : | Civil Action No. 04-6255 (FLW) |
| | : | |
| v. | : | |
| | : | |
| GOLD & LAINE, P.C., ET AL, | : | OPINION |
| Defendants. | : | |

**WOLFSON, United States District Judge**

Presently before the Court is a motion by Defendants Gold & Laine, P.C., Carl D. Poplar, P.A., Jeffrey E. Gold, Esq., Evan E. Laine, Esq., Carl D. Poplar, Esq., Christy A. Cicalese, Michele Laine, Brandon Laine and Jessica Laine seeking monetary sanctions and order of contempt against Victoria Perry, Plaintiff pro se. Plaintiff has opposed Defendants' motion and has additionally sought reconsideration, presumably pursuant to L.Civ.R. 7.1, of this Court's denial of her motion for relief from the Court's May 25, 2005 Order filed pursuant to Fed.R.Civ.P. 60(b). For the reasons stated below, Plaintiff's request for reconsideration is denied and Defendant's motion is stayed pending Plaintiff's appeal.

**I.    BACKGROUND**

The lengthy and tortuous procedural history of this case is more fully set forth in previous Opinions and Orders of this Court issued on May 25, 2005, July 1, 2005, August 18, 2005, October 11, 2005, July 19, 2006, and August 30, 2006, which are hereby incorporated by reference. In short, on May 25, 2005, this Court dismissed all of Plaintiffs' claims, finding "[n]one of them state[d] a claim," and that they were "without any legal basis or justification,"

and "baseless and scandalous." Perry v. Gold & Laine, P.C., 371 F.Supp.2d 622, 625-29 (D.N.J. 2005). The Court also enjoined her from filing pro se complaints in this District without first obtaining leave of court. Id. at 629-32. Thereafter, this Court denied Plaintiffs' request for reconsideration of its May 25, 2005, and denied her subsequent request for recusal.

On October 11, 2005, this Court granted Defendants' motion for sanctions, pursuant to Fed.R.Civ.P. 11, ordering Plaintiff to pay $5,231.20 to Defendants for their attorneys' fees and costs and $2,500.00 to the District Court's Pro Bono Fund.[1] On May 26, 2006 and June 1, 2006, Plaintiff filed a motion and amended motion, respectively, asking this Court to vacate its May 25, 2005 Order (the "Motion to Vacate").[2] The basis for Plaintiff's Motion to Vacate was what she characterized as "new evidence." On June 5, 2006, Defendants filed the instant Cross-Motion for sanctions and additionally requested that Plaintiff be held in contempt based, in part, upon her failure to the pay sanctions, costs and fees previously awarded by this Court in its October 11, 2005 Order.

By Order dated July 19, 2006, this Court denied Plaintiffs' Motion to Vacate the May 25, 2005 Order and ordered the parties to appear in Court on August 24, 2006 for a hearing on Defendants' Cross-Motion for Sanctions. On August 18, 2006, Plaintiff sent correspondence to the Court via facsimile indicating that she did not receive the Court's October 11, 2005 and July 19, 2006 Orders, or the July 13, 2006 Order issued by the Honorable Garrett E. Brown, Jr., Chief Judge, reallocating this case to the Trenton vicinage, and further indicating that she sought to

---

[1] The Order was mailed by the Clerk of the Court to Plaintiff at the following address, which she had supplied to the Court: Atrium Executive Suites, 3000 Atrium Way, #2204, Mount Laurel, NJ 08054.

[2] Plaintiff's motion papers reflected her address as: P.O. Box 1105, Cherry Hill, NJ and the Clerk thereafter changed the address on file.

Oppose Defendants' Cross-Motion for Sanctions.[3] In a telephone call, a member of my chambers encouraged Plaintiff to change her address with the Clerk to ensure that she receive all future filings. On August 29, 2006, Plaintiff informed the Clerk's Office of her change in address. The Court adjourned the hearing on Defendants' Cross-Motion for Sanctions, which had been scheduled for August 24, 2006, until August 31, 2006 in order to afford Plaintiff an opportunity to oppose the pending Cross-Motion.

Plaintiff submitted opposition *via* facsimile on August 28, 2006, for the first time questioning the application of the May 25, 2005 Order, which enjoined further similar filings, to state court proceedings. On August 30, 2006, this Court issued an Order and Memorandum Opinion clarifying that it was not this Court's intent to extend the filing restrictions in the May 25, 2005 Order to the state courts. The Court additionally adjourned the hearing on Defendants' Cross-Motion for Sanctions until September 19, 2006, and advised that to the extent Defendants sought sanctions based upon Plaintiffs' state court filings, this Court would not address issues related to those filings. The September 19, 2006 hearing was subsequently adjourned at the request of defense counsel because of scheduling conflicts, and rescheduled for October 10, 2006. Plaintiff thereafter sought an adjournment due to a family emergency and the hearing was rescheduled for November 1, 2006.

On November 1, 2006, Plaintiff did not appear for the hearing but left a message the evening before indicating that "something came up". Defense counsel appeared in Court on November 1, 2006 and Plaintiff was contacted *via* telephone. Limited proceedings were held on the record in the courtroom during which Plaintiff indicated that she was unable to appear due to illness. The Court once again agreed to adjourn the hearing due to Plaintiff's illness and further

---

[3] Plaintiff's facsimile bore the address: P.O. Box 486, Marlton, NJ 08053.

advised Plaintiff that the numerous submissions being faxed to Chambers concerning her State court proceedings should stop, particularly in light of the Court's clarification in its August 30, 2006 Memorandum Opinion and Order that the filing restrictions imposed by this Court did not concern State court proceedings.  The parties were advised that the issues before this Court on the impending hearing are related strictly to the pending Cross-Motion for Sanctions and plaintiffs' request for reconsideration of the denial of the Motion to Vacate.  The Court advised Plaintiff that it would not address Plaintiffs' allegations that Defendants have engaged in fraudulent conduct before this Court as those issues concerned proceedings before the State Court, which are not at issue in this case.  Plaintiff was further advised of recent Third Circuit opinions affirming this Court's imposition of injunctive relief of the same type imposed upon Plaintiff.  The hearing was rescheduled for December 1, 2006.

On November 29, 2006, this Court received a facsimile from Plaintiff entitled "Notice of Appeal" wherein Plaintiff advised that she intended to appeal this Court's previous denial of her Motion to Vacate and, further, that she intended to file a Motion to Stay Order/Judgment pending the Appeal.  Further, Plaintiff advised that she did not intend to appear before the Court on Defendants' Motion for Cross-Sanctions on December 1, 2006, stating that she had no intention of appearing before this Court "unless . . . ordered to do so by the appellate Courts."  Plaintiff also advised that she had no intention of paying the monetary sanctions previously imposed by this Court by Order dated October 11, 2005, as "[i]t would be against [her] Scripturally-trained conscience to condone dishonesty before the Court."

II.    DISCUSSION

    A.    **Plaintiff's Motion for Reconsideration**

By Order dated July 19, 2006, this Court denied Plaintiff's Motion to Vacate the May 25,

2005 Order.  On August 28, 2006 and September 15, 2006, this Court received submissions from Plaintiff via facsimile in which Plaintiff opposed Defendants' Cross-Motion for Sanctions and additionally sought "Reconsideration of Rule 60, to allow to vacate [sic] the filing procedure restraints Order and to vacate sanctions."

Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i).  See also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n.12 (D.N.J. 2002).[4]  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F. Supp. 2d at 507.  A motion for such reconsideration must be filed "within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i).  A timely motion for reconsideration may only be granted if "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Interfaith Cmty. Org., 215 F. Supp. 2d at 507; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Hence, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)).  The Court will only grant such a motion if the matters overlooked

---

[4] In Interfaith Cmty. Org., the court cited L. Civ. R. 7.1(g) as the provision governing a motion for reconsideration in this district.  On February 24, 2005, certain amendments to our Local Rules became effective.  Reconsideration motions are now governed by L. Civ. R. 7.1(i).

might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

At the outset, the Court notes that Plaintiff's application to seek leave to file a Motion for Reconsideration was not timely. The Court's order denying Plaintiff's Motion to Vacate was filed on July 19, 2006. Plaintiff did not file her requests for reconsideration until August 28, 2006 and September 15, 2006. Accordingly, her requests were untimely. While Plaintiff may argue that her receipt of the Court's July 19, 2006 Order was delayed, any such delay is attributable to Plaintiff as she failed to abide by her obligation to advise the Clerk of the Court of her change of address.

Nevertheless, the Court will address the merits of Plaintiff's request. In support of her request for reconsideration, Plaintiff does not cite the relevant standard set forth in L. Civ. R. 7.1(i) or generally aver any of the grounds that would support reconsideration therein. Although it is not entirely clear from Plaintiff's submissions, it appears that the primary basis for her request for reconsideration rests on her assertion that Defendants have engaged in misconduct in the State court proceedings by filing duplicative restraint orders and contempt proceedings and by failing to advise the State court of prior State court rulings and the proceedings in this Court regarding Defendants' Cross-Motion for Sanctions and this Court's modification of its May 25, 2006 Order. The Court finds Plaintiff's assertions regarding the State court proceedings completely irrelevant to the proceedings before this Court and Plaintiff's reconsideration request. Additionally, the Court finds the alleged misconduct before this Court entirely irrelevant to this Court's July 19, 2006 Order denying Plaintiff's Motion to Vacate.

Additionally, Plaintiff appears to again challenge the constitutionality of the restraints imposed by my May 25, 2005 Order, as modified on August 30, 2006, without asserting any

intervening law that would justify this Court's reconsideration of its previous denial of Plaintiff's Motion to Vacate on the same grounds.[5] Accordingly, reconsideration on this basis is inappropriate.

In sum, the Court finds that Plaintiff presents no controlling law not already considered by the Court in this matter, nor demonstrates that my July 19, 2006 Order contained any error of law requiring modification.[6] Additionally, the Court finds the additional "facts" concerning Defendants' misconduct completely irrelevant to the proceedings before this Court.

### B.     Defendants' Cross-Motion for Sanctions

Defendants filed the instant Cross-Motion for Sanctions, seeking to hold Plaintiff in contempt for violating this Court's May 25, 2005 and October 11, 2005 Orders and seeking further sanctions against Plaintiff. Defendants contend that Plaintiff has violated both Orders in that she has failed to pay Defendants fees and costs in the amount of $5,231.20 as required by the October 11, 2005 Order and additionally instituted four new actions in the New Jersey Superior Court. Defendant additionally cites Plaintiff's failure to seek leave of the Court prior to filing the Motion to Vacate.

As previously noted, the parties were advised by Memorandum Opinion and Order dated August 30, 2006, that it was never this Court's intention to extend the filing restrictions to the State courts and that any sanctions sought in connection with State court filings would not be

---

[5] The Court notes that Plaintiff was advised on November 1, 2006, when she raised issues regarding the constitutionality of the injunction, of the Third Circuit's affirmance of this Court in <u>Tilbury v. Aames Home Loan</u>, 199 Fed.Appx. 122 (3d Cir. 2006), and referred Plaintiff to that analysis and ruling, noting that the same type of relief sought in this case was requested there.

[6] To the extent error is claimed in connection with the extension of this Court's May 25, 2005 Order enjoining Plaintiff from filing State court proceedings without leave of this Court, the Court has by Order dated August 30, 2006 clarified that its intent was not to enjoin State court filings. Thus, any claimed error in this regard does not support reconsideration.

considered by the Court.  The only other grounds for further sanctions asserted by Defendants in their Cross-Motion is Plaintiff's failure to seek leave of the Court prior to filing the Motion to Vacate.  In its discretion, this Court declines to grant further sanctions on that basis.

With regard to Defendants' request that this Court hold Plaintiff in contempt based upon her failure to pay the sanctions ordered by the Court on October 11, 2005, this Court will stay Defendants' request until such time as a decision is issued on Plaintiff's appeal.[7]

**III. CONCLUSION**

For the reasons discussed herein, the court DENIES Plaintiff's request for reconsideration and STAYS Defendant's Cross-Motion for Sanctions.  An appropriate order will follow.


Dated: March 30, 2007

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

---

[7] If Plaintiff fails to timely file such appeal, this Court will consider Defendants' application to re-open the matter to address the issue of contempt for failure to pay the previously ordered sanctions.